| | |
|---|---|
| | **O** |
| | **JS-6** |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILLE MEGGS, | Case No. 2:17-cv-03769-ODW (RAOx) |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND [16] AND DENYING AS MOOT MOTION TO DISMISS, [28] MOTION TO STRIKE, [34] AND MOTION FOR SUMMARY JUDGMENT [38]** |
| v. | |
| NBCUNIVERSAL MEDIA, LLC; NBC SUBSIDIARY (KNBC-TV) LCC; NBC UNIVERSAL, LLC; COMCAST CORPORATION; ARUTYAN ADZHEMYAN; and DOES 4 through 10, | |
| Defendants, | |

## I. INTRODUCTION

Plaintiff Camille Meggs moves to remand this case to California Superior Court for the County of Los Angeles, arguing that there is not complete diversity among the parties. (*See generally* Mot., ECF No. 16.) Defendants NBCUniversal Media, LLC ("NBCUniversal Media") and NBC Subsidiary (KNBC-TV) LLC ("KNBC") (collectively, the "NBC Defendants") oppose the motion to remand on the ground that there is no legitimate basis for the joinder of non-diverse individual defendant Arutyan Adzhemyan. (*See generally* Opp'n, ECF No. 22.)

For the reasons below, the Court **GRANTS** Meggs's Motion to Remand.

## II. FACTUAL BACKGROUND

This case involves alleged sexual harassment and battery of Meggs, an NBC employee, by Adzhemyan, a security guard at her place of employment, on January 19, 2017. (First Amended Complaint ("FAC") ¶ 118.) On March 22, 2017, before filing the original complaint, Meggs contacted the NBC Defendants to request the identity of all security guards on duty on January 19, 2017, including the one who allegedly attacked Meggs, and any video footage of the incident. (Smith Decl. Ex. 2, ECF No. 16-3.) More than three weeks later, Meggs's counsel wrote an email to counsel for the NBC Defendants in which he recalled a recent phone conversation between both counsels. (*Id.* Ex. 2.) In the email, Meggs's counsel claims that counsel for the NBC Defendants told him on the phone that the NBC Defendants "were not inclined" to provide the requested information. (*Id.*)

Meggs, a California citizen, commenced this action in Los Angeles Superior Court on April 18, 2017, against the NBC Defendants and Does 1–100. (Compl. Ex. 1, ECF No. 1-1) On or about April 24, 2017, Meggs's counsel learned from his own

investigation that the security guard in question was possibly Adzhemyan but elected to wait until the initial round of discovery a week later to confirm. (Smith Decl. ¶ 5.) Around the same time, Meggs also independently learned his name by approaching Adzhemyan herself to see the name on his badge. (Chang Decl. ¶ 20, ECF No. 23.)

On or about May 1, 2017, the first day allowed by California law, Meggs served discovery requests upon the NBC Defendants that included a request for the identity of the security guard involved in the incident on January 19, 2017, as well as any video footage. (Mot. 3.)

On May 18, 2017, the NBC Defendants removed the action to this Court because there was uncontested complete diversity of citizenship between the parties and the jurisdictional minimum was met. (Mot. Ex. 6, ECF No. 16-3.) On or about May 23, 2017, the NBC Defendants advised Meggs that, pursuant to Fed. R. Civ. P. 26(d), now that the action was in federal court, the parties could not seek discovery from any source until they met and conferred as required by Fed. R. Civ. P. 26(f). (Chang Decl. ¶ 9, Ex. 4.) The NBC Defendants informed Meggs that the parties were under no obligation to respond to discovery requests made prior to removal until the completion of a Rule 26(f) conference. (*Id*.)

Meggs filed her FAC on May 26, 2017, and added three defendants, including Adzhemyan, a California citizen. (*See generally* FAC, ECF No. 11.) At this point, Meggs had still not received confirmation of Adzhemyan's identity from the NBC Defendants. The NBC Defendants did not provide Meggs with any video footage of the alleged January 19, 2017, incident involving Meggs and Adzhemyan until June 7, 2017. (Chang Decl. ¶ 22, Ex. 9.)

On June 7, 2017, Meggs's counsel wrote an email to NBC Defendants to inform them of the FAC filing and Meggs's position that remand was appropriate. (Chang Decl. ¶ 14, Ex. 6.) Meggs contends that this email satisfies the Local Rule 7-3 requirement that parties meet and confer before the filing of any motion. (Reply 1,

ECF No. 31.) On May 31, 2017, the NBC Defendants advised Meggs that Adzhemyan is not an employee of the NBC Defendants but of a third-party security guard provider, Securitas Security Services USA, Inc. ("Securitas"). (Chang Decl. ¶ 18.)

On June 5, 2017, Meggs filed the motion for remand, which is now before the Court for decision.[1]

### III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. *Id*. § 1441(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Removal based on a court's diversity jurisdiction is proper despite the presence of a non-diverse defendant where that defendant is fraudulently joined or a sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Defendants urging fraudulent joinder must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "If the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state," the joinder is considered fraudulent, and the party's citizenship is disregarded for purposes of diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). However, "[i]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Hamilton Materials*, 494 F.3d at 1206; *see also Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant"). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

However, where a proposed amendment would add a non-diverse party after removal—thereby precluding existing diversity jurisdiction—there is greater discretion in determining whether to allow the amendment. 28 U.S.C. § 1447(e); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.1998).[2]  28 U.S.C § 1447(e) provides: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder,

---

[2] This Order does not determine the merits of the claims against Adzhemyan. Rather, as discussed above, the purpose of this analysis is to determine whether the claims appear to be valid for jurisdictional purposes. Should Meggs bring an action in the Superior Court against Adzhemyan, its substantive validity and timeliness would remain issues as to which that court would make any final determination.

or permit joinder and remand the action to the State court." Here, Meggs is not seeking leave to amend because she amended her complaint as a matter of right within the time proscribed by Federal Rule of Civil Procedure 15(a)(1). However, because Meggs added Adzhemyan as a non-diverse defendant in her FAC after removal, the Court will constructively use the "leave to amend" standard to assess whether the joinder was proper.

Courts generally consider the following *Palestini* factors when deciding whether to allow an amendment that adds non-diverse defendants under 28 U.S.C. § 1447: (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15–CV–01140–ODW–AGR, 2015 WL 3889289, at *3 (C.D. Cal. June 24, 2015) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (C.D. Cal. 2000)). "Any of these factors might prove decisive, and none is an absolutely necessary condition for joinder." *Cruz v. Bank of N. Y. Mellon*, No. 12–CV–00846–LHK, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012) (internal quotation marks omitted).

The consideration of the *Palestini* factors is only relevant for the purposes of determining whether joinder of a non-diverse defendant is proper. A denial of joinder under § 1447(e) does not constitute a final determination of the viability of a particular claim. Thus, it does not preclude a plaintiff from bringing a separate action against a non-diverse defendant in state court. *See Newcombe*, 157 F.3d at 691 (holding that the district court did not abuse its discretion by finding no prejudice to plaintiff

because a parallel action against the non-diverse defendant could be brought in state court).

## IV. DISCUSSION

The NBC Defendants argue that this Court should deny Meggs's motion on both procedural and substantive grounds; they contend she violated Local Rule 7-3 and that the *Palestini* factors do not weigh in favor of remand. The Court finds both arguments unpersuasive and will address each in turn.

**A. Meggs's Potential Violation of Local Rule 7-3 Was Minimal**

Meggs and the NBC Defendants disagree procedurally and substantively about whether Meggs followed Central District Local Rule 7-3 and whether the *Palestini* factors favor remand. As a preliminary matter, the Court declines to decide this motion based on the NBC Defendants' contention that Meggs violated Local Rule 7-3. (Opp'n 4.) Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution . . . at least seven (7) days prior to the filing of the motion." L.R. 7-3. If the parties are unable to reach a resolution during the conference, counsel for the moving party may file the motion. *See id*.

Here, the NBC Defendants argue that the email exchange between the NBC Defendants' and Meggs's counsel on May 26, 2017, fails to satisfy Local Rule 7-3's meet-and-confer requirement. (Opp'n 3.) The NBC Defendants imply that the Court should therefore deny Meggs's motion on this ground. The Court disagrees. The NBC Defendants are mistaken in asserting that a meet-and-confer conference should, "at a minimum, occur via teleconference." (*Id*.) A "substantial email exchange" can suffice. *Gibson Brands, Inc. v. John Hornby Skewes & Co., Ltd.*, No. CV 14–00609 DDP (SS), 2015 WL 4651250, at *2 (C.D. Cal. Aug. 4, 2015).

Counsel for both parties originally scheduled the meet-and-confer conference via phone for May 26, 2017. (Mot. Ex. 9.) Due to a death in the family of one

member of counsel for the NBC Defendants, another member contacted Meggs's counsel one day before the conference to propose a new date of May 31, 2017. (Mot. Ex. 10.) However, Meggs's counsel insisted on the original date, emphasizing the "limited window" within which to draft and file the motion, and asked that another member of the NBC Defendants' counsel make themselves available. (*Id.* Ex. 11.) While the Court recognizes that Meggs's counsel might find it prudent to file for remand as soon as possible after removal, there is no basis for the position that it would be impossible to reschedule the meet-and-confer conference. The procedure for remanding a case to state court is governed by 28 U.S.C. § 1447(c), which requires remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." Regardless of the reason that Meggs's counsel rejected the rescheduling of the conference, there was no legal requirement to do so.

Nonetheless, it is undisputed that Meggs made a good faith initial attempt to conduct a proper conference on May 26, 2017, before the unexpected delay by the NBC Defendants. (Mot. Ex. 10). Courts have considered this good faith effort in deciding whether to consider a motion. *See Fox v. J.P. Morgan Chase Bank*, No. CV 16–193 DMG (JEMx), 2016 WL 7444974, at *1 n.1 (C.D. Cal. March 17, 2016) (considering the good faith effort of defendants to meet and confer with plaintiff's counsel in deciding whether to grant a motion to remand).

Regarding Meggs's compliance with the requirement of Local Rule 7-3 to discuss the substance of the contemplated motion *thoroughly*, the May 26, 2017 email clearly states that the addition of Adzhemyan destroys diversity jurisdiction and warrants remand. (Mot. Ex. 13, ECF No. 16-4.) Although the thoroughness of the email is debatable, the Court sees no need to probe further. Even when the intended meet-and-confer email fails to discuss the substance of the contemplated motion at all, courts have declined to let such a "minimal" violation prevent granting a motion to remand when the non-offending party is not prejudiced. *See Anyang Xinyi Electric*

*Glass Co., Ltd. v. B & F Intl. (USA) Inc.*, No. CV 15–00862–BRO (AJWx), 2016 WL 7435482, at *6 n.6 (C.D. Cal. Aug. 4, 2016).

The NBC Defendants will not be prejudiced if the Court grants the motion to remand despite any procedural error. This is because the NBC Defendants would ultimately conduct a subsequent meet-and-confer, and, as Meggs has indicated no intention to set aside the motion to remand, Meggs would refile the instant motion, resulting in the same outcome: remand to state court. *See Reed v. Sandstone Props., L.P.*, No. CV 12–05021 MMM (VBKx), 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013) (electing to consider a motion on the merits notwithstanding an untimely pre-filing conference because the opposing party did not suffer any prejudice). Thus, to avoid undue delay, the Court declines to deny Meggs's motion on this ground.

### B. *Palestini* Factors Weigh in Favor of Remand

The Court concludes that the *Palestini* factors weigh in favor of Meggs's motion to remand. Accordingly, each factor will be addressed in turn.

#### *1. Adzhemyan is a Necessary Party Under Rule 19(a)*

A person must be joined if, in the person's absence, "the court cannot accord complete relief among the parties" or if that person "claims an interest relating to the subject of the action" such that proceeding without the person would "impair the person's ability to protect the interest" and leave that person susceptible to multiple or inconsistent obligations. Fed. R. Civ. P. 19(a). However, joinder is not required under Rule 19(a) if it would destroy subject matter jurisdiction. *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983). Additionally, joinder is not appropriate if the non-diverse defendant is only "tangentially related to the cause of action or would not prevent complete relief." 28 U.S.C. § 1447(e); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D.Cal. 1999).

Because Meggs alleges that Adzhemyan is an employee of the NBC Defendants, the doctrine of *respondeat superior* is relevant in assessing whether Adzhemyan is a necessary party in this action. Under the doctrine of *respondeat*

*superior*, an employer is vicariously liable for his employee's torts committed within the scope of the employment. *Id*. This doctrine is based on the policy that losses caused by the torts of employees, "which as a practical matter are sure to occur in the conduct of the employer's enterprise, are placed upon that enterprise itself, as a required cost of doing business." *Id.* Furthermore, a plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to join the employees as defendants. *Perez v. City of Huntington Park*, 7 Cal. App. 4th 817, 820 (1992).

Here, Meggs contends that joining Adzhemyan in this action is necessary. (Reply 7.) Meggs asserts that any liability of Defendants via *respondeat superior* creates joint and several liability with Adzhemyan in which he would still be directly liable for his actions. (*Id*.) However, regardless of whether Securitas is the true employer of Adzhemyan, "where vicarious liability is involved, there is no fault to apportion." *Srithong v. Total Inv. Co*., 23 Cal. App. 4th 721, 728 (1994) (explaining that, "unlike the doctrine of joint and several liability, vicarious liability is a matter of status or relationship, not fault"). Thus, an employer that is vicariously liable for an employee's actions is also *fully* liable, making the joinder of the employee unnecessary for complete relief. *See id.*

Crucially, for the doctrine of *respondeat superior* to apply, the plaintiff must prove that the employee committed the tortious conduct within the scope of employment. *Ducey v. Argo Sales Co*., 25 Cal. 3d 707, 721 (1979). The determination of whether an employee acted within the scope of employment is ordinarily a question of fact; it only becomes one of law when "the facts are undisputed and no conflicting inferences are possible." *Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 968 (1986).

Meggs's FAC states that "Adzhemyan was acting as the NBC Defendants' agent and/or employee within the scope of his agency and/or employment at the time of the January 19, 2017 incident." (FAC ¶¶ 160, 171, 185, 195.) However, Meggs

alleges in the FAC that Adzhemyan sexually harassed her on that date when he "brushed his arms and hands against her breasts without her consent." (*Id.* ¶ 118.) The Supreme Court of California has held that harassment is "conduct outside the scope of necessary job performance . . . ." *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). This can include sexual harassment. *Farmers Ins. Grp. v. Cnty. of Santa Clara*, 11 Cal. 4th 992, 1019 (1995).

Because there is a possibility that the acts that gave rise to some of Meggs's claims were not performed within the scope of Adzhemyan's employment, his potential liability is not subsumed by the doctrine of *respondeat superior*. *See Godinez v. Alta-Dena Certified Dairy LLC*, No. CV–14–02981–RSWL (SSx), 2014 WL 2761172, at *4 (C.D. Cal. June 17, 2014) (holding that an employee's potential personal liability for harassment gives rise to the possibility of a viable state-law claim against the non-diverse employee). Since Meggs may have viable claims against Adzhemyan independent of his employer, he is a necessary party to this action because his absence would prevent Meggs from obtaining complete relief. *See Forrester v. Orkin Servs. of Cal., Inc.*, No. 12–cv–01975–JST, 2013 WL 2299545, at *3 (N.D. Cal. May 24, 2013). Moreover, a separate action against Adzhemyan would be redundant and could lead to inconsistent outcomes. *Id.* Thus, this factor weighs in favor of joinder and remand.

### *2. A New Action Against Adzhemyan Would Not Be Time-Barred*

A two-year statute of limitations applies in California to suits for injury to an individual caused by the wrongful act or neglect of another. Cal. Civ. Proc. Code § 335.1. Thus, any of Meggs's claims against Adzhemyan individually would not be time-barred because the incident involving Adzhemyan occurred on January 19, 2017, less than a year ago. Therefore, this factor weighs against joinder and remand.

### *3. There Has Been No Unexplained Delay in Seeking Joinder*

Courts also consider whether the delay between the filing of the initial complaint and the amended complaint was reasonable. The court considers the

amount of time between filings, as well as the reason for any delay. *See Bakshi v. Bayer Healthcare, LLC*, No. 06–36027, 2007 WL 1232019, at *4 (N.D. Cal. March 21, 2007).

Meggs filed her complaint in state court on April 18, 2017. The NBC Defendants removed the case to this Court on May 18, 2017. Meggs amended the complaint on May 26, 2017.

The NBC Defendants argue that there is no reason why Meggs "could not simply look at Adzhemyan's identification badge" at any time between the January 19, 2017, incident and the initial filing of the lawsuit nearly three months later. (Opp'n 14.) In so doing, the NBC Defendants implicitly ask this Court to affirm that it is not only reasonable but expected that a plaintiff must place herself within mere inches of someone she is suing for sexual harassment. This Court strongly disagrees. To hold otherwise would encourage potentially dangerous interactions between adverse parties that defy common sense and threaten the preeminence of the rule of law in maintaining social order.

This Court believes the NBC Defendants' unreasonable demand of Meggs is a smokescreen to distract from the fact that they have no explanation for withholding Adzhemyan's identity. In a letter dated March 22, 2017—nearly four weeks before filing her initial complaint—Meggs formally requested "the names and duty stations of all security guards on duty at the KNBC premises in Universal City on January 19, 2017," as well as security footage of the incident. (Mot. Ex. 1.) The NBC Defendants responded that they were "not inclined" to provide the requested information. (FAC ¶ 48.)

The NBC Defendants argue that once the action was removed to this Court on May 17, 2017, Fed. R. Civ. P. 26(d) prohibited the parties from seeking discovery from any source until they met and conferred as required by Rule 26(f). (Opp'n 3.) This would apply to Meggs's prior request for the identity of the security guard. Meggs argues that continued discovery is proper under 28 U.S.C. § 1450, which

states, "Whenever any action is removed from a State court to a district court of the United States . . . All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by this district court."

The Court acknowledges that other courts have held that discovery requests filed in state court do not constitute "proceedings" within the meaning of 28 U.S.C. §1450. *See Kogok v. T-Mobile USA, Inc.*, No. 13cv838–BEN (BLM), 2013 WL 1942211, at *1 n.1 (S.D. Cal. May 9, 2013), citing *Sterling Savings Bank v. Fed. Ins. Co.*, No. CV–12–0368–LRS, 2012 WL 3143909, at *2 (E.D. Wash. Aug.1, 2012) (holding that discovery requests filed in state court prior to removal are not binding in federal court because at the time of removal the Federal Rules of Civil Procedure control and discovery does not begin until the parties participate in a Rule 26(f) conference).

Even if this Court defers to those prior holdings, the Court notes that the NBC Defendants still withheld the identity of Adzhemyan for nearly two months without explanation, from Meggs's initial formal request on March 22, 2017, until the removal to this Court on May 18, 2017. (Smith Decl. Ex. 1, Ex 6.) While the NBC Defendants argue that Meggs learned Adzhemyan's name on or about April 24, 2017, from her own investigation, she maintains that she had "no intention of rushing to add Adzhemyan based on uncertain information . . . ." (Reply 6.) Meggs further justifies her reluctance to amend the complaint at that time due to her intent to file a discovery request for Adzhemyan's identity a week later on May 1, 2017, the first day permitted under California law. (Mot. 3.) Further, Meggs had no reason to believe the NBC Defendants would remove the case to federal court and thus avoid their duty to respond to existing discovery requests as per Fed. R. Civ. P. 26(d).

Due to the combination of these contextual factors, the Court determines that Meggs was reasonable in waiting eight days after removal to amend the complaint. *See Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002) (holding

that "[p]laintiffs did not unreasonably delay in filing their First Amended Complaint where it was filed less than a month after removal"). Underscoring this is the fact that Meggs filed her amended complaint during the period in which she was entitled to do so as of right. *See* Fed. R. Civ. P. 15(a)(1). Thus, the Court holds that there was no unexplained delay in joining Adzhemyan, and this factor weighs in favor of joinder and remand.

### *4. Meggs Did Not Seek Joinder Solely to Defeat Federal Jurisdiction*

With regard to the fourth *Palestini* factor, "the motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). The Court therefore "should look with particular care at such motive in removal cases[] when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.*

This Court determined above that Adzhemyan may be personally liable independent of his employer. Thus, Meggs has a valid reason for including him as a defendant. Further, the Court has also determined that there is no unexplained delay in seeking joinder of Adzhemyan and that Meggs demonstrated his importance to the action before filing the initial complaint by requesting his identity from the NBC Defendants. (Mot. Ex. 1); *see also IBC v. Aviation Servs. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000) (declining to impute an improper motive for joinder where a plaintiff alleged that an additional defendant had a role in the underlying actions at issue in the case).

Moreover, after filing her initial complaint, which contained allegations of sexual harassment against the then-unnamed security guard, Meggs again requested his identity from the NBC Defendants in an email on May 24, 2017. (Mot. Ex. 9.) Meggs emphasized that the security guard's identity was "particularly important" for her case and noted that she had sought it "for some time and through multiple

avenues, including pre-filing requests." (*Id.*) These statements show Meggs's intent from the outset to add Adzhemyan as a defendant once his identity was confirmed. Thus, both the procedural history and merits of this case weigh against a determination that Meggs sought to join Adzheymyan solely to defeat federal jurisdiction. Therefore, this factor weighs in favor of joinder and remand.

### *5. Meggs's Claims Against Adzhemyan Are Valid*

In considering the fifth factor, "the [c]ourt need only determine whether the claim seems valid," which is not the same as the standard in either a motion to dismiss or a motion for summary judgment. *See Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 2:14–cv–01994–JAM–KJN, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015) (rejecting defendants' assertion that "the Court should consider whether the amended complaint could be defeated by a motion to dismiss") (internal quotation marks omitted); *Taylor v. Honeywell Corp.*, No. C 09–4947 SBA, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010) (holding that "[t]he existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)").

The NBC Defendants argue that the claims against Adzhemyan are meritless because any liability for his actions is imputed to his employer under the doctrine of *respondeat superior*. (Opp'n 15.) As discussed, however, the Court determined that Adzhemyan may be personally liable independent of his employer. The NBC Defendants also contend that the evidence, which includes footage from the January 19, 2017, incident, "unequivocally establishes that there was no assault, battery, false imprisonment, or other unlawful conduct by Adzhemyan." (*Id.*)

However, in making this argument, the NBC Defendants refer to two 30-second video clips, in which it has not been confirmed that the security guard shown is Adzhemyan. (Reply 9.) While this is ultimately an issue for the state court on remand, this Court agrees with Meggs that such brief clips cannot dispose of the allegations of intentional torts that may have taken place before or after the clips or

even off-camera. (*See id.*); *see also Mudra Intl., LLC, v. Kellwood Co., Inc.*, CV 08–03642 DDP (JCx), 2008 WL 11336465, at *7 (C.D. Cal. Sept. 16, 2008) (holding that in weighing the *Palestini* factors, the court does not seek to address the strengths and weaknesses of a claim, but rather to ensure that it appears to have enough merit to proceed); *Negrete v. Meadowbrook Meat Co.*, No. ED CV 11–1861 DOC (DTBx), 2012 WL 254039, at *7–8 (C.D. Cal. Jan. 25, 2012) (holding that a claim was valid because the defendants had failed to show there was "no possibility" that the plaintiff could state a claim against the proposed defendant) (emphasis omitted). Thus, the claims against Adzhemyan are not invalid, and this factor weighs in favor of joinder and remand.

### *6. Meggs Would Suffer Prejudice If Adzhemyan Were Not Joined*

For the sixth factor, any prejudice to a plaintiff "exists if the proposed defendant is crucial to the case" and "does not exist if complete relief can be afforded without that defendant." *McCarty v. Johnson & Johnson*, No. 1:10–CV–00350 OWW–DLB, 2010 WL 2629913, at *9 (E.D. Cal. June 29, 2010) (internal quotation marks omitted). As discussed, Meggs cannot receive an adequate final judgment without participation from Adzhemyan as a party because he may be personally liable independent of his employer.

Moreover, the interests of judicial economy counsel against requiring Meggs to pursue her claims against Adzhemyan in state court. *See IBC*, 125 F. Supp. 2d at 1013 ("[D]enying the amendment would require Plaintiff to choose between redundant litigation arising out of the same facts and involving the same legal issues or forgoing its potential claims against" the additional defendant). Therefore, this factor weighs in favor of joinder and remand.

### *7. Balance of Factors Weighs in Favor of Joinder and Remand*

Based on the above analysis, the Court concludes that the equities weigh in favor of joinder and remand. Thus, because Adzhemyan is a California citizen, there is no longer complete diversity between the parties and this Court does not have

jurisdiction. Therefore, the Court remands this case to the Superior Court of California.

## V. CONCLUSION

For the foregoing reasons, the Court determines that Meggs's joinder of Adzhemyan is proper. Because both Adzhemyan and Meggs are citizens of California, the Court lacks subject matter jurisdiction over this action. Thus, the Court **GRANTS** Meggs's Motion to Remand. (ECF No. 16.) Therefore, this action is hereby remanded to the Superior Court of California, County of Los Angeles, Case No. BC658407. Further, the pending motions to dismiss (ECF No. 28), to strike (ECF No. 34), and for summary judgment (ECF No. 38) are hereby **DENIED AS MOOT**, as the Court lacks jurisdiction to rule on them. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

July 12, 2017

$\rule{3in}{0.4pt}$
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**